NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 24 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BRENDAN G. JOHNSON and
KIRSTEN L. JOHNSON,

            Plaintiffs-Appellants,

    v.

UNITED STATES OF AMERICA,

            Defendant-Appellee.

No.    20-16927

D.C. No.
2:19-cv-00674-JCM-DJA

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted June 14, 2021
San Francisco, California

Before: TASHIMA and BUMATAY, Circuit Judges, and RAYES,[**] District Judge.

Appellants appeal the district court's order granting summary judgment to the

United States in Appellants' action for a refund of federal income taxes for 2008,

2009, and 2010—years during which Appellants contend they were entitled to

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Douglas L. Rayes, United States District Judge for the District of Arizona, sitting by designation.

deduct certain pass-through and real estate losses.  We have jurisdiction pursuant to 28 U.S.C. § 1291.  We review the district court's grant of summary judgment *de novo.  Arakaki v. Hawaii*, 314 F.3d 1091, 1094 (9th Cir. 2002).  We affirm.

Appellants failed to marshal evidence to establish an entitlement to pass-through loss deductions.  Taxpayers may deduct "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business[.]"  Internal Revenue Code (I.R.C.) § 162(a).  However, a taxpayer cannot deduct losses stemming from activity in which he does not materially participate.  I.R.C. § 469(c)(1).  Participation is material if it is regular, continuous, and substantial.  *Id.* at (h)(1).  "[T]he burden of clearly showing the right to [a] claimed deduction is on the taxpayer."  *INDOPCO, Inc. v. Comm'r*, 503 U.S. 79, 84 (1992) (quoting *Interstate Transit Lines v. Comm'r*, 319 U.S. 590, 593 (1943)).  Below, Appellants cited no specific evidentiary support for any particular losses or unreimbursed expenses, and instead directed the district court to the voluminous record generally.  The district court was not required to "examine the entire file for evidence establishing a genuine issue of fact, where the evidence is not set forth in the opposing papers with adequate references so that it could conveniently be found."  *Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001).

Nor have Appellants shown an entitlement to deduct rental property losses from 2008 to 2010 as non-passive losses under the "real estate professional"

exemption, I.R.C. § 469(c)(7)(B).  To be entitled to this exemption, Appellants were required to meet two conditions.  First, more than half of the personal services performed in trades or businesses by Mrs. Johnson during the taxable year must have been performed in real property trades or businesses in which she materially participated.  *Id.*  Second, Mrs. Johnson must have performed more than 750 hours of services during the taxable year in real property trades or businesses in which she materially participated.  *Id.*  Appellants did not satisfy the second condition for any of the relevant years.  The district court found that Mrs. Johnson's educational activities were disallowed from the second condition's calculus.  Appellants do not argue to the contrary.  For 2008 and 2009, Mrs. Johnson's qualifying hours fall below the 750-hour threshold after disallowing the time she spent studying for a real estate license.  Similarly, Mrs. Johnson performed fewer than 750 qualifying hours during 2010 after disallowing time she devoted to Appellants' personal residence and airplane hangar, rather than their rental properties.  Work on Appellants' personal properties, necessarily, does not constitute material participation in real property trades or businesses.

**AFFIRMED.**